

**ORDERED in the Southern District of Florida on July 14, 2010.**

_A. Jay Cristol_
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-35053-AJC
CHAPTER 13 CASE

IN RE:

MARY J. PEREZ
A/K/A MARY JANE PEREZ

    Debtor.
_____/

### ORDER DENYING DEBTOR'S MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY

THIS CAUSE came before the Court for an evidentiary hearing on May 26, 2010 at 2:00 p.m. upon the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property ("Motion to Value") [D.E. 52]. The parties stipulated to the admission into evidence of the exhibits presented at the evidentiary hearing. At the evidentiary hearing, the Debtor, Debtor's mother, and Debtor's appraiser appeared to testify.

After hearing argument of counsel for Debtor, Mary J. Perez (the "Debtor"), and counsel for Secured Creditor, BAC HOME LOANS SERVICING, L.P. F/K/A COUNRYWIDE HOME

09-45661

LOANS SERVICING, L.P. (the "Creditor"), and having reviewed the relevant documents related to this matter, the Court determines that the Creditor's mortgage is not subject to modification, pursuant to the anti-modification provisions of 11 U.S.C. §1322(b)(2). Thus, the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property is DENIED as moot.

## JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1334(b) and 157(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). The following are the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, as made applicable to these proceedings by Fed. R. Bankr. P. 7052.

## FACTS

1. On or around March 16, 2007, Debtor executed a promissory note in the principal amount of $188,800.00 (the "Note") in favor of Creditor. Simultaneously, as security for the Note, Debtor executed a mortgage (the "Mortgage") encumbering real property located at 6065 N.W. 186 St., Unit 110, Hialeah, Florida (the "Valued Property"). Paragraph 6 of the Uniform Covenants Section of the Mortgage provides that "Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control."

2. On or about January 16, 2009, apparently when Debtor had fallen behind on her payments due to Creditor for the Valued Property, Creditor and Debtor entered into a Loan Modification Agreement (the "Modification Agreement"). The Modification Agreement made

09-45661

certain changes to the payment terms of the Note. The Modification Agreement specifically provided that, except as otherwise specifically provided by the Modification Agreement, the Note and Security Instrument will remain unchanged, and Debtor as Borrower "will be bound by, and comply with, all the terms and provisions thereof …" Nothing in the Modification Agreement altered the terms of the Mortgage as outlined above.

3. The Debtor testified during the evidentiary hearing that she moved out of the Valued Property at some point prior to filing for protection under chapter 13 of the Bankruptcy Code on November 13, 2009. However, Debtor's Statement of Financial Affairs does not list any prior addresses. Debtor represented during the evidentiary hearing that she resided at the Valued Property from early 2008 until late September 2009 when she moved to the Surrendered Property. The records admitted into evidence show that the Debtor still uses the Valued Property address as her mailing address both before and after the filing of the instant bankruptcy.

4. In her petition, the Debtor identified her county of residence as Miami-Dade County and her address as 6960 N.W. 186 St., Unit 2-322, Hialeah, Florida (the "Surrendered Property"). The Debtor scheduled several properties on her Schedule A – the Valued Property, the Surrendered Property, and other properties not relevant to this matter. None of the properties was claimed as exempt on the Debtor's Schedule C.

5. The Debtor filed her Third Amended Chapter 13 Plan on February 19, 2010 [D.E. 51]. In the Plan, the Debtor proposes to reduce the amount of the Creditor's claim to $58,000, the asserted value of the Valued Property. The Plan proposes to surrender the Surrendered Property to the lenders holding the mortgages.[1]

---

[1] The Debtor filed a Plan on December 1, 2009 [D.E. # 13], a First Amended Chapter 13 Plan on December 7, 2009 [D.E. # 20], and a Second Amended Chapter 13 Plan on January 20, 2010 [D.E. # 31]. The amended plans did not change the proposed treatment of Creditor but it changed the treatment of the Surrendered Property by surrendering it to the lenders.

6. Creditor filed a proof of claim on January 22, 2010, asserting that Creditor holds a secured claim, as of the Petition Date, of $200,515.73. The Debtor filed the Motion to Value [D.E. #52] on October 12, 2008, simultaneous with filing the Third Amended Chapter 13 Plan. Creditor filed a response to the Motion to Value [D.E. #62) raising the issue that because the Valued Property is the Debtor's principal residence, 11 U.S.C. §1322 prohibits modification of the Mortgage.

7. The Debtor presented the following for consideration as evidence: Mortgage for the Valued Property and loan application, a lease of the Valued Property, copy of Debtor's driver license, copy of Debtor's bankruptcy petition and schedules, and an appraisal of the Valued Property.

8. The Creditor presented the following for consideration as evidence: a copy of Debtor's Motion to Value and Creditor's Preliminary Response to Debtor's Motion to Value, Miami-Dade property appraiser's website printouts for the Valued Property, Debtor's Chapter 13 plans, Debtor's Statement of Financial Affairs and Schedules I and J, copies of records from the Florida Department of State – Division of Corporations including the Division of Corporation's Entity Details printout for MJP Realty Group, LLC., the Articles of Organization for MJP Realty Group, LLC, the Business Change of Address Request for MJP Realty Group, LLC, and the 2010 LLC Annual Report for MJP Realty Group, LLC., copies of the records from the Florida Department of Business and Professional Regulation for Mary J. Perez and MJP Realty Group, LLC real estate and broker license, copies of the Note, Mortgage and Loan Modification documents, copy of an electric bill for Surrendered Property, and a copy of a lease agreement for Valued Property.

09-45661

**DISCUSSION**

At the hearing, there was no apparent dispute as to the value of the subject property. The issue before this Court is solely whether 11 U.S.C. § 1322(b)(2) applies to protect Creditor's Claim from modification under the facts of this case.

Section 1322(b)(2) states in relevant part as follows:

> (b) Subject to subsection (a) and (c) of this section, the plan may -
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence....

The Motion to Value, and the Creditor's response center around whether the Valued Property was the Debtor's principal residence. If the answer is "yes," the value of the Valued Property is irrelevant, as the Debtor could not bifurcate the claim in accordance with 11 U.S.C. §506, and Creditor's claim would have to be paid in accordance with the terms of the Note and Mortgage. The resolution of this issue in Creditor's favor would moot the Motion to Value.

Section §101(13A) of the Bankruptcy Code defines a debtor's principal residence, somewhat unhelpfully, as "a residential structure, including incidental property, without regard to whether that structure is attached to real property …" As a general rule, courts have interpreted the debtor's principal residence as the debtor's home. *See Nobleman v. Am. Sav. Bank*, 508 U.S. 324, 331 (1993) (Stevens, J., concurring).

Although the Debtor's petition listed the Surrendered Property as her residence, Creditor argues that the Valued Property is the Debtor's principal residence because the Debtor's Mortgage reflects that the Debtor is to use the Valued Property as a principal residence and Debtor's Third Amended Plan indicates Debtor is surrendering the Surrendered Property. Also,

09-45661

at the evidentiary hearing, Creditor introduced evidence showing that Debtor is still using the Valued Property address as her mailing address.

The determination of whether the Valued Property is the Debtor's principal residence such that the Mortgage cannot be modified is dictated in part by the date at which the determination must be made, and in part by which party bears the burden of proof on the issue of the application of section 1322(b)(2) to the Mortgage.

While it is undisputed that the Debtor lived at the Valued Property prior to the filing of the instant bankruptcy case, the parties disagree as to when, if at all, the Valued Property stopped being Debtor's primary residence.  In *In re Santiago,* 404 B.R. 564 (Bankr. S.D. Fla. 2009), the Court analyzed similar issues and determined that a creditor asserting the protections of §1322(b)(2) bears the burden of proof that its claim is entitled to protection from modification, and that for purposes of 11 U.S.C. §1322(b)(2) the filing date is the date to determine Debtor's principal residence.

The Court finds the evidence in this case supports anti-modification.  The Note, Mortgage and Modification Agreement require the Valued Property to be used as a primary residence, and the Debtor consented to that provision when executing all those documents. There is no subsequent written request to use the property other than for a primary residence. The records of the Florida Department of State - Division of Corporations, and the Florida Department of Business and Professional Regulation all indicate Debtor is using the address of the Valued Property as her mailing address. Further, there are discrepancies presented in Debtor's bankruptcy petition and schedules which demonstrate that the Valued Property continues to be Debtor's principal residence.

09-45661

The testimony of the Debtor was self-serving and conflicting and the testimony of the Debtor's mother was not reliable. The Debtor's loan application was incomplete, as was the lease of the Valued Property which did not contain the required signatures for a valid lease.[2] And, although Debtor's driver license contains an address other than the Valued Proeprty, the Court is not persuaded by this evidence to conclude the Valued Property is not Debtor's principal residence, particularly because it appears the license was reissued shortly before the Debtor's filing of this bankruptcy case.

The Debtor testified that she lived in at least two other properties (the Valued Property and other property in Central Florida) prior to moving to the Surrendered Property. A review of Debtor's Statement of Financial Affairs does not reflect that the Debtor lived in either one of those properties, which contradicts her testimony. Further, Debtor's Schedules and Statement of Financial Affairs fail to account for any of the $1,200.00 allegedly paid to Debtor as a security deposit by the alleged renter under the alleged lease agreement of the Valued Property shortly before filing for bankruptcy.

The standard of proof to be applied herein is a preponderance of the evidence. *Premier Capital Funding, Inc. v. Earle (In re Earle),* 307 B.R. 276 (Bankr. S.D. Ala. 2002); *In re Cook*, 205 B.R. 437 (Bankr. N.D. Fla. 1997); *In re Brown*, 244 B.R. 603; *see generally,* 7 Collier on Bankruptcy, §1129.02[4] (15th ed. rev.). The Creditor presented evidence that not only all of Debtor's real estate licenses registered with the State show the Valued Property as her mailing

---

[2] The loan application presented for admission into evidence had only three of the four pages of the document, and the signature page of the application is not executed.

09-45661

address, but also as late as March 30, 2010, over four months after the filing of the instant bankruptcy case, Debtor was still using the Valued Property address as her mailing address.[3]

Even if the Creditor had the initial burden of proving that the Valued Property is Debtor's principal residence, the Court believes the Creditor submitted sufficient evidence to shift the burden of going forward to the Debtor, and the Debtor has failed to persuade this Court that the Valued Property is not her principal residence. The Debtor failed to provide such pertinent and persuasive evidence to establish her residency, such as affidavits from any alleged tenant living at the Valued Property at the time of filing or utility bills that show she was not residing at the Valued Property at that time.

Thus, because the evidence before the Court supports the Creditor's position that, on the Petition Date the Valued Property was Debtor's principal residence, the Court finds that the Mortgage is not subject to modification pursuant to 11 U.S.C. §1322(b)(2). Accordingly, it is

ORDERED AND ADJUDGED that the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property [D.E. 52] is DENIED as moot.

###

Submitted by:
Antonio Alonso, Esquire
antonio.alonso@marshallwatson.com
Law Offices of Marshall C. Watson P.A.
1800 NW 49th Street, Suite 120
Fort Lauderdale FL 33309
Office: (954) 453-0365
Fax:    (954) 772-6052

Attorney Antonio Alonso shall immediately serve a conformed copy of this Order upon all interested parties and file a Certificate of Service with the Court confirming same.

---

[3] In March 30, 2010, the Debtor filed the 2010 Annual Limited Liability Company Annual Report for her real estate company ("MJP Realty Group, LLC.") indicating that her mailing address as manager and registered agent of the company is the same as the Valued Property.

09-45661