

**ORDERED in the Southern District of Florida on July 06, 2011.**

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                        Case No. 09-35053-BKC-AJC

MARY PEREZ,

                    Debtor.
_____/

### ORDER DENYING MOTION TO PAYOFF

THIS CAUSE came before the Court for hearing on February 15, 2011 upon the Debtor's

Motion for Early Payoff of a Chapter 13 Plan with Gift Proceeds (DE 113) and the Trustee's

objection thereto. The Court, having considered the proffers and representations Trustee and the

Debtor, and based on the record, denies the motion.

The issue presented by the motion is whether a below-median debtor with a confirmed

three-year Chapter 13 plan may use a monetary gift to pay off the entire multiplier of her

confirmed plan before its temporal completion without paying unsecured creditors' claims in full

over the Trustee's objection. The Court determines that she cannot.

### Undisputed Facts

According to the Debtor's Statement of Current Monthly Income and Disposable Income

Calculation (DE 10), the Debtor's "applicable commitment period" pursuant to 11 U.S.C. §

1

1325(b)(4) is three years. The Debtor filed her petition on November 13, 2009 with the three-year commitment period ending on November 13, 2012.  The Debtor sought to pay her plan with gift proceeds in the 15th month of the plan.  The Trustee objected.

## Jurisdiction

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1134(b) and 157(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Discussion

A below-median debtor should not be allowed to complete her Chapter 13 bankruptcy plan in less than the temporal period of her "applicable commitment period" without repaying unsecured claims in full if unsecured creditors or the trustee object to that modification. In addition to § 1325(b) and § 1329, case law from the Eleventh Circuit and various district courts provide guidance regarding whether a Chapter 13 debtor may pay off her plan early without paying unsecured creditors in full.

Section 1325 of the Bankruptcy Code provides the requirements for confirmation of a Chapter 13 bankruptcy plan. 11 U.S.C. § 1325. "Applicable commitment period" is a term that appears in § 1325 and its definition is found in § 1325(b)(4):

> (4) For purposes of this subsection, the "applicable commitment period"-
> (A) subject to subparagraph (B), shall be-
> (i) 3 years; or
> (ii) not less than 5 years, if the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is not less than."

11 U.S.C. § 1325(b)(4). The Eleventh Circuit has held that an above-median-income debtor must remain in bankruptcy for a minimum of five years (i.e., the debtor's "applicable commitment period"), unless all unsecured creditors' claims are paid in full. *In re Tennyson*, 611 F.3d 873, 879 (11th Cir. 2010). In *In re Tennyson*, an above-median debtor with

negative disposable income sought confirmation of a Chapter 13 plan that would last three years, without providing for full repayment of unsecured creditors. *Id.* at 874. The debtor unsuccessfully argued that the "applicable commitment period" of a Chapter 13 plan "is a multiplier[1] in the § 1325(b)(1)(B) formula," whereas the trustee successfully argued that "applicable commitment period" is the minimum required duration of a debtor's Chapter 13 bankruptcy plan. *Id.* at 876. "After analyzing the plain meaning of 'applicable commitment period,' the Court determined that 'applicable commitment period' at its simplest is a term that relates to a certain duration, and based on its presence in § 1325, it is a duration relevant to Chapter 13 bankruptcy." *Id.* at 877. Therefore, because the debtor had failed to pay his unsecured creditors in full, the Court held he was required to "submit to Chapter 13 bankruptcy for a minimum of five years." *Id.* at 880.

The temporal approach of "applicable commitment period" applies to *both* above-median and below-median debtors. Therefore, "under the temporal approach, Chapter 13 debtors [are] required to stay in their plan for three or five years, depending on whether they [are] above or below-median income debtors." *In re Heideker*, 2011 WL 2432913 at 2. While this issue has rarely been reviewed, most courts that have considered whether "applicable commitment period" applies to below-median debtors have determined that it does. *Id.*; *see also In re Luton*, 363 B.R. 96 (Bankr. W.D. Ark. 2007). In *In re Luton*, a Chapter 13 trustee objected to confirmation of a proposed plan that would have permitted a below-median debtor to pay off his plan early, after less than three years had passed. *In re Luton*, 363 B.R. at 97. The Court held that the phrase "applicable commitment period," provides that a Chapter 13 plan cannot be confirmed if it does not pay all unsecured claims in full, over the objection of the trustee or the unsecured creditor,

---

[1] Under the multiplier formula projected disposable income equals disposable income times the "applicable commitment period." *In re Tennyson*, 611 F.3d at 876.

unless the debtor devotes all of his projected disposable income to payment of unsecured claims. *Id.* at 101.

The majority of cases that have considered "applicable commitment period" as it relates to Chapter 13 plans have focused on above-median debtors, and many of these cases simultaneously suggest that below-median debtors are also required to remain in their plan for the entire three-year period. *See In re Frederickson,* 545 F.3d 652, 660 (8th Cir. 2008); *In re Grant,* 364 B.R. 656, 662–63 (Bankr. E.D. Tenn. 2007); *In re Nance,* 371 B.R. 358, 369 (Bankr. S.D. Ill. 2007); *In re Slusher,* 359 B.R. 290, 301 (Bankr. D. Nev. 2007); *In re Cushman,* 350 B.R. 207, 212–13 (Bankr. D.S.C. 2006); *In re Casey,* 356 B.R. 519, 527 (Bankr. E.D. Wash. 2006); *In re Dew,* 344 B.R. 655, 661 (Bankr. N.D. Ala. 2006). However, as some courts have recognized, below-median debtors are not afforded some of the advantages that above-median debtors enjoy that have been used to justify the temporal approach, "[i]n exchange for [these] benefit[s], … above-median income debtors are expected to remain in bankruptcy for a longer period of time" than below-median debtors. *In re King*, 439 B.R. 129, 138 (Bankr. S.D. Ill., 2010). [2]

Plan modifications, like plan confirmations, are subject to the requirements of § 1325(b). Section 1329 of the Bankruptcy Code provides the requirements for a debtor to modify a confirmed Chapter 13 plan. 11 U.S.C. § 1329. It states that "at any time after confirmation of [a Chapter 13] plan but before the completion of payments under such plan, the plan may be modified upon request of the debtor, the trustee, or the holder of an allowed unsecured claim to [both] increase or reduce the amount of payments on claims of a particular class provided for by the plan [and to] extend or reduce the time for such payments." *Id.*

---

[2] Above-median debtors are allowed additional deductions "on their Form B22C for such things as housing, transportation, and other necessary expenses. This has the effect of reducing their disposable income and, accordingly, the amount that they are required to pay to the Trustee each month." (*King*, 438 B.R. at 138).

The Debtor argues, unlike *Tennyson*, which was a confirmation case, she has already confirmed her bankruptcy plan and seeks modification of that plan. However, *Tennyson* has been analyzed by several courts to apply the "applicable commitment period" to plan modifications. *In re Heideker*, 2011 WL 2432913 at *7. *In re Heideker* was a consolidated opinion that considered both above-median and below-median debtors' requests to modify their Chapter 13 bankruptcy plans to receive a discharge in less than five- and three-years, respectively. *Id.* at *1. Relying on the logic in *Tennyson*, the Court held that if a trustee objects to a debtor's proposed plan modification, the debtor cannot shorten the term of the plan below the "applicable commitment period" unless the debtor pays all unsecured claims in full.  *Id.* at *6-7.  If the "applicable commitment period" did "not apply to modifications, the debtor [could] prevent interested parties from exercising those rights by simply 'paying off' the plan early." *Id.* at *6. Additionally, in *In re King*, the Court disagreed with an above-median debtor who wished to complete his plan without paying unsecured creditors in full and argued that the "applicable commitment period" requirement was not applicable to modified plans. *In re King*, 439 B.R. 129, 130, 138 (Bankr. S.D. Ill. 2010). The Court explained that "while changes in a debtor's financial circumstances may allow for adjustments to a debtor's plan payments, it does not necessarily follow that there must also be a reduction in a plan's duration." *Id.* at 138.

Although the Debtor is correct that Section 1325(a)(2) expressly permits a plan to be shortened after confirmation, if a debtor wishes to finish her plan early, she must still pay unsecured claims in full. In *In re Keller,* the Court held that debtors, in seeking to complete their plans early through lump-sum payment, either had to pay unsecured claims in full or modify their plans. *In re Keller,* 329 B.R. 697, 700 (Bankr. E.D. Cal. 2005).  Additionally, in *In re Smith*, a Middle District of Florida case, a debtor's motion to pay off her plan early was granted,

but *only* under the condition that unsecured creditors were informed of the debtor's intention and did not object. *In re Smith*, 2011 WL 2343895 at *4 (Bankr. M.D. Fla. 2011) (emphasis added).

Finally, while the Debtor relies on several cases that hold that "applicable commitment period" does not apply to plan modifications, this conclusion is inconsistent with the Eleventh Circuit's reasoning in *Tennyson*. *In re Tennyson*, 611 F.3d at 879; *but see In Re Ewers*, 366 B.R. 139 (Bankr. D. Nev. 2007) (holding that the term of a modified plan is not restricted to the "applicable commitment period"). In *Tennyson*, the Eleventh Circuit explicitly disallows a debtor to confirm a plan for less than [the 'applicable commitment period'] because it would deprive the unsecured creditors of their full opportunity to recover on their claims from [a debtor] by way of post confirmation plan modifications." *Id*.

Therefore, the Debtor may not be discharged from her Chapter 13 plan before the completion of the "applicable commitment period" because a debtor may not be discharged from their Chapter 13 plan before completion of its temporal period if unsecured creditors' claims are not paid in full and here the Trustee has objected to such a modification. Accordingly, it is

ORDERED AND ADJUDGED that the Debtor's Motion for Early Payoff of a Chapter 13 Plan with Gift Proceeds (DE 113) is DENIED.

# # #

Copies furnished to:

Richard Adams, Esq.
Nancy Herkert, Chapter 13 Trustee

Attorney Richard Adams is directed to mail a conformed copy of this order to all interested parties and to file a certificate of service with the clerk of the Bankruptcy Court.